UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JORGE EDILBERTO GOMEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>    Defendant. | Case No. C07-5635 BHS/KLS<br><br>ORDER GRANTING LEAVE TO AMEND COMPLAINT |

Before the Court is Plaintiff's response to the Court's Order to Show Cause why the Plaintiff's civil rights complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. (Dkt. # 6). Having considered Plaintiff's proposed Complaint and his response, the Court finds that Plaintiff should be afforded an opportunity to file an amended complaint as more fully set forth herein.

**DISCUSSION**

Plaintiff is currently a prisoner at the Washington Corrections Center (WCC) in Shelton, Washington. (Dkt. # 4, p. 2). Plaintiff claims that the Department of Corrections (DOC) violated his constitutional rights when it placed him in the same cell with a known sex offender who later raped him. (*Id*., pp. 5-6). Plaintiff alleges that he previously notified mental health officials at the Lewis County Jail prior to his transfer to WCC that he had been a victim of a sex crime, that he did not wish to be housed with a sex offender and that a notation of this request was made to his files. (*Id*., p. 5). Plaintiff was assured that the notation would not be overlooked and that his file, with the

ORDER

1  notation, was transferred with him to WCC.  (*Id*.).

2  After review of his Complaint, the Court advised Plaintiff that he had not plead sufficient

3  allegations to state a claim under section 1983 because Plaintiff named only the Department of

4  Corrections as Defendant and referred only generally to "staff" and "mental health personnel."

5  (Dkt. # 5).  The Court advised Plaintiff to set forth facts describing when and where and by whom

6  he was deprived of a constitutional right and to include factual allegations describing how each

7  individual caused or personally participated in causing him the harm that he claims he suffered.

8  (*Id*).

9  Plaintiff responded to the Court's order to show cause by submitting five separate proposed

10  complaints, naming five separate individual defendants, in which Plaintiff sets forth allegations as

11  to each separately named defendant. (Dkt. # 6).[1]  In addition, Plaintiff submitted applications to

12  proceed *in forma pauperis* for each complaint.  (*Id*.)

13  The separate complaints and applications are not necessary.  Plaintiff has already been

14  granted leave to proceed *in forma pauperis*.  (Dkt. # 3).  Plaintiff may name all of these Defendants

15  in one action and combine these allegations into one amended complaint, setting them out in

16  separate paragraphs with Plaintiff's statement of relief in conclusion.

17  Plaintiff is advised that the second amended complaint shall *supersede* all prior complaints -

18  the original complaint and the five proposed complaints in their entirety, making these previous

19  filings as if they were nonexistent.  Therefore, Plaintiff must include all parties, factual allegations,

20  causes of action, relief sought, and exhibits in this one pleading.  The Court will not accept

21  supplements to or references to earlier filings as part of the second amended complaint

22  ACCORDINGLY, it is **ORDERED:**

23  (l)   Plaintiff is instructed to file an Amended Complaint as described above on or before

24  **January 31, 2008.**  If an amended complaint is not timely filed, or if Plaintiff fails

---

[1] The Court has docketed these proposed complaints generally as "Plaintiff's Response to the Court's Order to Show Cause."

28  ORDER

1           to adequately correct the deficiencies identified in this Order, the Court will recommend dismissal of this action as frivolous;

2.   The Clerk of the Court is directed to send Plaintiff a copy of this Order and appropriate forms.

DATED this 20th day of December, 2008.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER