UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JORGE EDILBERTO GOMEZ,

Plaintiff,

v.

E. FICKET, *et al.*,

Defendants.

Case No. C07-5635 BHS/KLS

ORDER DENYING MOTION TO AMEND COMPLAINT

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion to amend his complaint to add additional parties. Dkt. # 49. Defendants oppose the motion. Dkt. # 50. Because Plaintiff has failed to provide a proposed amended complaint, Plaintiff's motion shall be denied.

## I. DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Otherwise, the party "may amend the party's pleading only by leave of court or by written consent of the adverse party." Id. Leave to amend "shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." *Id.; Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). After a responsive pleading has been filed, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City*, 125 F.3d 777, 786 (9th Cir. 1997).

ORDER - 1

Although the amendment rules are liberal, they do not require that courts indulge in futile gestures. *Deloach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968). If a proposed amendment could not withstand a motion to dismiss, a court is justified in denying a motion to amend the pleadings made pursuant to Rule 15(a). *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984); *Glick v. Koenig*, 766 F.2d 265 (7th Cir. 1985). Plaintiff has not provided the Court with a proposed amended complaint. It appears, however, that he seeks to amend his petition to include the Department of Corrections, Mason County, the Mason County sheriff, Mason County Prosecutor's Office and two Mason County detectives. Dkt. # 49, p. 1. Plaintiff states that the addition of these parties has been made necessary because he wishes to hold them accountable for failing to reasonably perform their duties in investigating or prosecuting or providing his safety in this matter and for refusing to interview the inmate who attacked him. *Id*.

As Plaintiff has not provided the Court with a proposed Amended Complaint, Defendants cannot properly respond to Plaintiff's motion to amend and the Court cannot evaluate the merit of Plaintiff's request.

## II. CONCLUSION

Accordingly, Plaintiff's motion to amend his Complaint (Dkt. # 49) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff and to counsel for Defendants.

DATED this 29th day of October, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2