UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JORGE EDILBERTO GOMEZ,

    Plaintiff,

  v.

E. FICKET, et al.,

    Defendants.

CASE NO. C07-5635BHS

ORDER

This matter comes before the Court on the Report and Recommendation of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 53) and Plaintiff's Motion for Damages, Sanctions, Perjury, and False Swearing (Dkt. 55). The Court has considered the Report and Recommendation, Plaintiff's objections, the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby adopts the Report and Recommendation and denies Plaintiff's motion for the reasons stated herein.

**Plaintiff's Objections to the Report and Recommendation**

On January 29, 2008, Plaintiff filed a Civil Rights Complaint under 42 U.S.C. § 1983. Dkt. 8. Plaintiff claims that he was injured in 2005 and 2006. *Id.* Plaintiff stated that he was housed at the Washington Corrections Center, which had an available prisoner grievance procedure. *Id.* at 2. Plaintiff claimed that he had not filed any

ORDER - 1

grievance concerning the facts related to the complaint "because there has been steps taken by the institution to make an investigation." *Id*.

Judge Strombom recommended that Plaintiff's complaint be dismissed because Plaintiff had failed to exhaust his administrative remedies. Dkt. 53 at 5. Plaintiff objects to this recommendation because "Defendants blocked Plaintiff from exhausting his administrative remedy by denying [him] access to the necessary forms." Dkt. 54 at 2. Plaintiff claims that inmates must file a grievance within 20 days of the alleged incident. *Id*. at 1. Plaintiff claims that he was transferred 16 days after the alleged incident that caused his injuries. *Id*. at 1. Plaintiff also claims that the location where he was transferred "does not provide [Department of Corrections] grievance forms or access to [Department of Corrections] documents." *Id*.

On January 29, 2008, Plaintiff claimed that there was an available grievance procedure. Dkt. 8. Assuming, for the sake of argument, that Plaintiff could toll the four days for which a grievance procedure was unavailable to him in January 2006, Plaintiff fails to explain why he did not file a grievance by February 3, 2008 (four days after a grievance procedure was available to him). Therefore, the Court overrules Plaintiff's objections.

**Plaintiff's Motion**

On November 14, 2008, Plaintiff filed a Motion for Damages, Sanctions, Perjury, and False Swearing. Dkt. 55. In a pleading, defense counsel stated that Plaintiff "now wishes to amend his complaint to add unnamed parties" and that "Plaintiff has not provided any actual language he intends to amend to the complaint or the names of any parties." Dkt. 50 at 1 and 3. Plaintiff fails to show how these statements warrant sanctions, rise to the level of perjury, or could be considered false swearing. Therefore, the Court denies Plaintiff's motion.

It is hereby **ORDERED** that:

(1) Plaintiff's Motion for Damages, Sanctions, Perjury, and False Swearing (Dkt. 55) is **DENIED**;

(2) The Court **OVERRULES** Plaintifff's objections (Dkt. 54);

(3) The Court **ADOPTS** the Report and Recommendation (Dkt. 53); and

(4) This action is **DISMISSED** because Plaintiff failed to fully exhaust his administrative remedies.

DATED this 17th day of December, 2008.

BENJAMIN H. SETTLE
United States District Judge